IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| YVONNE REEVES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:14cv0088 |
| | ) |
| v. | ) |
| | ) By:  Michael F. Urbanski |
| GEM MANAGEMENT, LLC, et. al., | )      United States District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Yvonne Reeves, proceeding *pro se*, brings this action alleging that defendants racially discriminated against her by refusing to adequately address maintenance problems in her apartment, including mold, which the court construes as a claim for discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, et. seq.[1]  Reeves seeks leave to proceed *in forma pauperis*.  The court will grant Reeves' application to proceed without prepayment of fees, but will dismiss her complaint for the reasons set forth below.

Reeves brings suit against GEM Management, LLC ("GEM") and three GEM property managers.  She alleges that defendants ignored her requests to remove mold from her apartment, which she claims was growing in the bath tub, as well as under the carpet, and defendants also refused to move her into another apartment.  Reeves states that defendants indicated the "budget wouldn't allow for the repair of mold" in her apartment.  However, Reeves alleges that defendants cleaned mold from the apartments of four or five white residents, replaced carpets in

---

[1] Reeves' allegations in this case are similar to the allegations in her previous suit, *Reeves v. Campbell*, Case No. 7:13cv00001, filed in this court on January 3, 2013 and dismissed on August 13, 2013 for failure to state a claim for racial discrimination in violation of the FHA.

the apartments of three white residents, and also permitted a white resident to change apartments due to a mold issue.

Under the FHA, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). To set forth a *prima facie* case of discrimination under the FHA, a plaintiff must show either (1) that the act or practice complained of was motivated by a discriminatory purpose, or (2) that it had a discriminatory impact.  See Betsey v. Turtle Creek Associates, 736 F.2d 983, 986-987 (4th Cir. 1984).  Principals and employers can be held vicariously liable under the FHA in accordance with traditional agency principles.  See Meyer v. Holley, 537 U.S. 280 (2003); Walker v. Crigler, 976 F.2d 900, 904-906 (4th Cir. 1992).

Reeves' complaint fails to set out a plausible claim for racial discrimination under the FHA.  She merely alleges that defendants did not adequately comply with her requests to clean mold in her apartment and move to a different apartment.  She also alleges that defendants cleaned mold from the carpets of white tenants, and permitted white tenants to change apartments.  However, Reeves never refers to the FHA, does not establish that the defendants' actions or inactions were motivated by discriminatory purpose or had a discriminatory impact, and does not sufficiently allege that she was subjected to disparate treatment on the basis of race.  Indeed, while Reeves' alleges that certain white tenants received services that she did not, Reeves does not allege that she was denied services specifically because of her race.[2]

While it is incumbent upon courts to liberally construe the claims of *pro se* litigants, United States v. Wilson, 699 F.3d 789 (4th Cir. 2012) (citation omitted), they are not obligated to

---

[2] Although not alleged herein, the court assumes that Reeves is a member of a protected class as she stated in her previous lawsuit that her race is "Black-American."  Case No. 7:13cv00001, Dkt. No. 3.

hear claims where there is no basis for relief.  Here, Reeves fails to state a claim on which relief may be granted.[3]  Dismissal of her case is therefore warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will be entered this day.

Entered:  March 7, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[3] Reeves also fails to state any 42 U.S.C. § 1983 discrimination claim because she has not alleged that defendants are state actors.  West v. Atkins, 487 U.S. 42 (1988).

3